Benjamin Galdston, SBN 211114
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
T. 619.489.0300
bgaldston@bm.net

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Southern Division

| | |
|---|---|
| CHRIS ROBINSON, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| TRANSUNION RENTAL SCREENING SOLUTIONS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION .................................................................................. 2

II. PARTIES AND JURISDICTION ......................................................... 3

III. FACTUAL ALLEGATIONS RELATING TO PLAINTIFF ............... 3

IV. FACTS DEMONSTRATING THAT DEFENDANT WILLFULLY
    FAILED TO COMPLY WITH THE FCRA ......................................... 5

COUNT I
    15 U.S.C. § 1681e(b) ............................................................................. 7

COUNT II
    Cal. Bus. & Prof. Code § 1786.20 ......................................................... 8

V. PRAYER FOR RELIEF ........................................................................ 8

VI. JURY DEMAND .................................................................................. 9

COMES NOW, Chris Robinson ("Plaintiff") and states as follows:

## I. INTRODUCTION

1. This is an action for damages and injunctive relief brought against Defendant TransUnion Rental Screening Solutions, Inc. ("Defendant" or "TU Rental") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the California Investigative Consumer Reporting Agencies Act ("ICRAA").

2. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to landlords who use the reports to make decisions regarding whether to rent to certain consumers.

3. Defendant falsely reported to Plaintiff's potential landlord that Plaintiff had been charged and convicted of a criminal offense and, as a result, Plaintiff was denied the opportunity to rent a condo at a residential community for active adults over the age of 55.

4. The conviction reported belonged to another individual with a similar name to Plaintiff. Defendant's reporting cost Plaintiff his chance to rent the property of his choice, caused him serious distress and embarrassment, and caused him financial loss, including forfeiture of a $1,650 deposit.

5. Many publicly available criminal records lack meaningful personal identifying information about the offender. Many such records only contain the offender's name, and do not contain any other identifiers, such as date of birth, age, address, or Social Security Number.

6. Relying on such public records, Defendant matched Plaintiff (who has a very common first and last name) with a criminal record that did not belong to him. Given the paucity of information in the underlying public records, the only personal identifier Defendant could have used is the Plaintiff's name.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   2

7. Defendant's matching procedures are not reasonable procedures to ensure the maximum possible accuracy of the records it reports. Defendant's failure to employ reasonable procedures resulted in Plaintiff's report being inaccurate. Accordingly, Plaintiff brings claims against Defendant under the FCRA and ICRAA.

## II. PARTIES AND JURISDICTION

8. Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA and ICRAA.

9. Plaintiff is a resident of Orange County, California.

10. Defendant TransUnion Rental Screening Solutions, Inc. provides consumer reports for rental screening purposes. Defendant sells background reports containing, *inter alia*, information about consumers' criminal backgrounds to prospective landlords. Defendant is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

11. Among other things, Defendant provides background checks and credit reports to landlords for their use in deciding whether to rent to a prospective tenant. These reports are provided in connection with a business transaction initiated by the consumer.

12. Defendant is a Delaware corporation headquartered in Colorado.

13. The Court has personal jurisdiction over Defendant. Defendant conducts substantial business in this District, including issuing background checks and credit reports on residents of this Division, including Plaintiff.

14. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and Cal. Civ. Code § 410.10.

## III. FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

15. In June 2018, Plaintiff applied to rent a condo at Laguna Woods

Village, a residential community for active adults over the age of 55. Excited about the amenities, conveniences, and facilities, Plaintiff quickly moved to apply and put down a $1,650 deposit.

16. On or around June 23, 2018, Laguna Woods Village (or an agent working on its behalf) conducted a background check on Plaintiff by ordering a tenant background search from Defendant.

17. In response, Defendant furnished a consumer report to Laguna Woods Village that indicated Plaintiff had a criminal history, including a conviction for illegal dumping, i.e., littering.

18. As a result of the criminal record contained in the consumer report attributed to him, Plaintiff was denied the opportunity to rent the condo and lost the $1,650 deposit.

19. After Plaintiff was denied the opportunity to rent the condo, he obtained a copy of the report Defendant prepared about him, and was shocked to see that it contained a criminal conviction for a person named "Christopher A. Robinson" whose height was "6'1," age of thirty-three years old, and had committed the offense in Texas.

20. Plaintiff does not have a middle name and has never lived in Texas. Additionally, Plaintiff's height is 5'9" and he was seventy-five years old at the time he was denied housing.

21. Based on the fact that Plaintiff does not have a middle name and is over forty years older than the person who committed this offense, it should have been immediately obvious to Defendant that the criminal offender in the reported criminal case was misattributed to Plaintiff. Defendant also could have cross-checked Plaintiff's height, date of birth and residence.

22. Plaintiff disputed these results with Defendant, and after a reinvestigation, Defendant created a revised report which removed the conviction

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF 4

which did not belong to Plaintiff. However, Plaintiff had already lost the opportunity to rent his preferred housing, and despite a request, he was unable to receive a refund of his application fee.

## IV. FACTS DEMONSTRATING THAT DEFENDANT WILLFULLY FAILED TO COMPLY WITH THE FCRA

23. If Defendant had reasonable procedures to ensure maximum possible accuracy, it would have determined that the criminal record it reported did not belong to Plaintiff.

24. Based on the paucity of information available in the public records Defendant reported about Plaintiff, it is apparent that the only personal identifier Defendant could have relied on is Plaintiff's name. On its face, matching where the only personal identifier used is the name is unreasonable. But, Defendant added insult to injury by ignoring the obvious mismatch between the offender, who had a middle name and different date of birth, and Plaintiff, who does not have a middle name.

25. If Defendant had conducted its searches to require a match of the middle name or date of birth, it would have avoided the false positives. If Defendant required that the middle names or dates of birth on the records it reported matched one another, it would have avoided false positives. If Defendant had looked for additional data on the offender whose records were matched to Plaintiff, it could have avoided false positives.

26. Defendant makes it appear as if its matching criteria are more stringent than they are in actuality by putting Plaintiff's personally identifying information above every record on the report, including the records that do not belong to him. For example, on page 1 of the report, it lists Plaintiff's actual date of birth and address in the upper right corner of the page, but the remainder of the page is devoted to a record that is not Plaintiff's and that was not associated with that address or date

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF            5

of birth. This tactic is misleading, as it makes it appear to the reader as though the information in the public criminal record matches Plaintiff's date of birth and address when in reality it was matched to neither personal identifier.

27. Other tenant screening agencies have faced governmental scrutiny for substantially similar activities. *See, e.g., FTC v. Realpage, Inc.*, No 3:18-cv-2737 (FTC settlement with tenant screening agency which failed to comply with 15 U.S.C. § 1681e(b) because it used loose matching criteria to link potential tenants with criminal records).

28. In addition to employing matching criteria that are obviously flawed, Defendant also fails to fully and accurately report the criminal records it includes in its reports, including so little information about the underlying criminal record itself as to make the reports misleading. For example, the report fails to include even basic information about what the plea was, what the disposition was, or what fine or sentence was imposed. Including this kind of vague innuendo about supposed criminal activity is wholly inconsistent with the Fair Credit Reporting Act's requirement of maximum possible accuracy.

29. In addition to the conduct set forth above, Defendant's willful conduct is further reflected by, *inter alia*, the following:

    a. The FCRA was enacted in 1970; Defendant has had 49 years to become compliant;

    b. Defendant and its parent company have been repeatedly sued for misreporting public record information;

    c. Defendant is a corporation with access to legal advice through its own general counsel's office and outside litigation counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

    d. Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, caselaw, and the plain language of the FCRA;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     6

e. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

f. Defendant knew that matching individuals to criminal records using limited information would result in false positives. However, it persisted in doing so; and

g. Defendant's violations of the FCRA were repeated and systematic.

30. At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## COUNT I
### 15 U.S.C. § 1681e(b)

31. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

32. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff.

33. The foregoing violations were negligent and/or willful. Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681e(b). *See* ¶¶ 22-29 above.

34. As a result of Defendant's conduct, Plaintiff suffered actual damages including but not limited to: denial of a rental opportunity, forfeiture of his deposit, damage to reputation, embarrassment, humiliation and other mental and emotional

distress.

35. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Cal. Bus. & Prof. Code § 1786.20

36. Plaintiff incorporates the paragraphs above.

37. Defendant is an investigative consumer reporting agency as defined by the ICRAA, and Defendant was required to adhere to the requirements of the ICRAA.

38. The ICRAA required Defendant to follow reasonable procedures to assure maximum possible accuracy of the information it reported. Cal. Civ. Code § 1786.20(b).

39. Defendant violated this provision by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff. Specifically, Defendant misidentified Plaintiff as a criminal based only on first and last name.

40. Because Plaintiff will seek housing in the future, and because of the ubiquity of pre-rental background checks, there is a real and immediate threat that Plaintiff will suffer the same injury with respect to future rental applications.

41. Accordingly, Plaintiff is entitled to injunctive relief and to the recovery of attorneys' fees and costs.

V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief as follows:

A. Awarding actual damages, as provided by the FCRA;

B. Awarding punitive damages;

C. Awarding reasonable attorneys' fees and costs, as provided by the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF　　　　　　　　8

FCRA and the ICRAA; and

    D.    Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## VI. JURY DEMAND

Plaintiff demands a trial by jury for all claims so triable.

Date: October 18, 2019

Respectfully submitted,

Benjamin Galdston
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel:   (619) 489-0300
bgaldston@bm.net

*Attorney For Plaintiff*